NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHAQUILLE P. CRAWLEY, : | |
| : | CIV. NO. 21-14524 (RMB-MJS) |
| Plaintiff : | |
| : | |
| v. : | **OPINION** |
| : | |
| C.O. S. BURRESS, *et al.*, : | |
| : | |
| Defendants : | |

BUMB, United States District Judge

This matter comes before the Court upon pro se Plaintiff Shaquille P. Crawley's ("Plaintiff") civil rights complaint under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff is a pretrial detainee confined in the Burlington County Detention Center in Mount Holly, New Jersey. Plaintiff has established his financial eligibility to proceed without prepayment of the filing fee ("i*n forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a), and his IFP application will be granted. (IFP App., Dkt. No. 1-1.)

I.     *SUA SPONTE* DISMISSAL

When a prisoner seeks to proceed without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. § 1915(e)(2)(b), § 1915A(b)(1), and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949–50; see also Twombly, 550 U.S. at 555, & n. 3.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

II.     THE COMPLAINT

Plaintiff alleges the following facts, accepted as true for purposes of screening the complaint for *sua sponte* dismissal. On October 27, 2020, in Burlington County Detention Center, Plaintiff was talking on the phone during recreation time when Corrections Officer S. Burress ("C.O. Burress" or "Burress") approached him at approximately 8:20 p.m. and told him that recreation time was over. Plaintiff complained to Burress about cutting his recreation time short because the other inmates were permitted to remain until 8:30. Plaintiff then continued with his phone call to his girlfriend and complained to her that Burress was crazy. Burress heard this and suggested that Plaintiff stand in front of him and repeat what he said. Plaintiff tried to walk around Burress, who moved in front of Plaintiff so they would bump into one another. Burress threw Plaintiff to the ground and tried to punch and grab him. Sergeant T. Benson ("Benson") and C.O. Carter had to remove Burress from on top of Plaintiff, and they took Plaintiff to the clinic. Plaintiff has cystic fibrosis and this incident over-exerted him and caused him to panic and have difficulty breathing.

Plaintiff alleges that Sergeant M. Dunn

> wrote up a made up charge that I never did, a day later saying I had five days of loss television for elbowing C.O. Burress. [U]nbelievable. I would have got more if it was a real charge. This charge do not fit that criteria. This just gave me a charge because I said something about it.

(Compl., Dkt. No. 1 at 5.)

Later that evening, Benson approached Plaintiff and told him that Burress sent his apologies. Benson wanted to know if Plaintiff was going to file a complaint against Burress,

3

and at first, Plaintiff said he would not. The nurse who treated Plaintiff encouraged him to file a complaint, telling him it was the second time Burress beat up an inmate. Plaintiff called Benson back and told him to file a complaint against Burress. Later that evening, Plaintiff spoke to Sergeant Crankshaw ("Crankshaw") and told him to put a complaint against Burress in writing. Crankshaw suggested that he could get Plaintiff extra recreation time if he let it go, but Plaintiff insisted that Crankshaw file a written complaint.

The following day, Benson asked Plaintiff to sign a formal charge sheet, stating that Plaintiff was using verbally abusive language toward Burress. Plaintiff refused. Plaintiff gave Sergeant M. Peer ("Peer") his grievance later that day. After plaintiff submitted his grievance, he learned Captain Nunn had told C.O. McMillian that Plaintiff received a written charge for asking why he lost recreation time. Plaintiff states that his main reason for filing the complaint was the defendants' refusal to file a formal complaint against Burress for excessive force.

III.   DISCUSSION

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was

caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

    A.    Fourteenth Amendment Excessive Force Claim

Plaintiff's excessive force claim under the Fourteenth Amendment against C.O. S. Burress may proceed.

    B.    First Amendment Petition Clause

"[T]he Petition Clause [of the First Amendment] protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011). A petition conveys the special concerns of its author to the government and, in its usual form, requests action by the government to address those concerns. Id. at 388-89 (citing Sure–Tan, Inc. v. N.L.R.B., 467 U.S. 883, 896-97 (1984)).

Plaintiff has alleged that Sergeants T. Benson and Crankshaw refused to file a formal complaint against Burress for his alleged use of excessive force against Plaintiff. The Petition Clause, however, speaks to an individual's personal right to petition to the government for redress, and Plaintiff alleges that he filed a grievance against Burress, and, notably, Plaintiff has filed this lawsuit. Assuming the formal complaint that Plaintiff asked Benson and Crankshaw to file on his behalf is part of Burlington County Detention Center's grievance procedure, "obstruction of [prison grievance] procedures is not independently actionable [under § 1983]." Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007) Instead, if a prison grievance procedure is unavailable, a prisoner may file a civil rights complaint in the courts

5

without first exhausting administrative remedies. Ross v. Blake, 578 U.S. 632, 636 (2016) ("A prisoner need not exhaust remedies if they are not " available.")

The Court will dismiss the claims against Sergeants T. Benson and Crankshaw without prejudice. Plaintiff may reassert the claims in an amended complaint if he can allege additional facts establishing how the defendants' refusal to file a formal complaint prevented Plaintiff from appealing to a forum established by the government for resolution of legal disputes. See Guarnieri, 564 U.S. at 387 (describing the First Amendment right to petition for redress).

C. First Amendment Retaliation Claims

To state a retaliation claim under the First Amendment, a plaintiff must allege facts showing:

> (1) constitutionally protected conduct, (2) an adverse action taken by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.

Mack v. Warden Loretto FCI, 839 F.3d 286, 297 (3d Cir. 2016) (quoting Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted and punctuation modified in Mack.) Filing a prison grievance is a constitutionally protected activity under the First Amendment. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). An allegation that a prison official filed a false misconduct against a prisoner in retaliation for filing a complaint against the prison official is sufficient to plead the first two prongs of a First Amendment retaliation claim. Bonaparte v. Beck, 374 F. App'x 351, 354 (3d Cir. 2010). To establish retaliatory motive, a prisoner may rely on circumstantial evidence of "(1) an

unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Watson, 834 F.3d at 422.

Plaintiff's First Amendment retaliation claim against Sergeant M. Dunn for allegedly charging Plaintiff with a false misconduct the day after the incident with Burress may proceed. Plaintiff has also named Sergeant M. Peer as a defendant, but the only allegation in the complaint regarding Peer is that Plaintiff gave his grievance form to Peer. Shortly after giving his grievance to Peer, Plaintiff alleges that Captain Nunn told C.O. McMillian that Plaintiff received another written charge. Plaintiff did not allege who wrote the charge or that the charge was falsified in retaliation for the grievance that he submitted to Peer. Therefore, the claim against Sergeant M. Peer is dismissed without prejudice for failure to state a claim. If Plaintiff can provide more information regarding this claim, he may file an amended complaint.

IV.   CONCLUSION

For the reasons discussed above, the complaint may proceed in part and is dismissed without prejudice in part.

An appropriate Order follows.

DATE:  **June 27, 2022**

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**